[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12118
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00533-CAP-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIL GONZALEZ-SORIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 16, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Gil Gonzalez-Soria pleaded guilty to illegally reentering the United States

after he was deported and was sentenced to 46 months' imprisonment,[1] at the bottom of the applicable guidelines range. He appeals that sentence, contending that it is procedurally unreasonable because the district court failed to articulate the sentencing factors set out in 18 U.S.C. § 3553(a). He also argues that the sentence is substantively unreasonable, both because the sentence enhancement dictated by U.S.S.G. § 2.L1.2(b)(1)(B), which he received, does not represent an exercise of the Sentencing Commission's institutional expertise, and also because his sentence is longer than necessary. After careful review, we affirm.

I.

In July 2010, Gonzalez-Soria was arrested by state authorities and charged with, among other things, terroristic threats and acts. He subsequently pleaded guilty to disorderly conduct. On the day he was released, Gonzalez-Soria admitted to federal officers that he was a Mexican citizen who had reentered the United States illegally after being deported in 2008. He pleaded guilty on March 4, 2011 to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).

Gonzalez-Soria has previously been deported four times since 1997. And, on at least 19 separate occasions, he has been apprehended by border control and

---

[1] The district court initially pronounced a 48-month sentence, but later lowered the sentence after defense counsel pointed out that Gonzalez-Soria had been in administrative custody for two months. The judgment entered reflects a term of 46 months.

2

voluntarily returned to Mexico. This case marks the third time he has pleaded guilty to illegal reentry. He also has been convicted of multiple state charges, including possession of cocaine with intent to distribute, for which he was sentenced to a year in state prison followed by four years' probation.

All of this information was contained in a presentence investigation report (PSI), to which Gonzalez-Soria did not object. The PSI also calculated his guidelines range as 46-57 months. That calculation included an enhancement, pursuant to U.S.S.G § 2L1.2(b)(1)(B), for reentry after conviction of a drug trafficking offense for which the defendant served fewer than 13 months.

At the sentencing hearing, the district court asked for any additional objections to the PSI, but Gonzalez-Soria's counsel demurred, saying he had "no guideline issues" with the PSI. The court adopted the PSI's factual statements. Defense counsel argued that Gonzalez-Soria's reason for continually reentering this country—providing for his disabled son—was understandable, and, on that basis, asked that "at the very least" the court should "impose a guideline sentence at the lower end." He also pointed out that the sentence enhancement Gonzalez-Soria received based on his drug trafficking conviction was longer than the amount of time he had served for that conviction. The government agreed Gonzalez-Soria's reasons for reentry were understandable and relevant to his

sentence, but asserted that his repeated attempts to reenter the country and commission of crimes in the United States when he succeeded, showed disdain for the law and militated in favor of a sentence within the guidelines range.

The district court found Gonzalez-Soria's recidivism "just unbelievable." The court also noted, and Gonzalez-Soria did not dispute, that medical care for his disabled son was provided through Medicaid. The court then pronounced a sentence of 46 months.

## II.

Our review of the sentence a district court imposes is twofold. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally reasonable, we must then determine whether it is substantively reasonable. *Id.* We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, examining the actual sentence imposed in light of the record as a whole and the § 3553(a) factors.[2] *Id.*

---

[2] The United States urges us not to review any alleged error based upon the doctrine of invited error. "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998). "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotation omitted). We do not believe that Gonzalez-Soria invited the alleged errors he challenges. The PSI, which the district

III.

Gonzalez-Soria contends that his sentence was procedurally unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) sentencing factors, as evidenced by the court's failure to explicitly reference those factors.

Although a sentence is procedurally unreasonable if the district court fails to consider the § 3553(a) factors, we do not require a district court to explicitly address each factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Indeed, we have held that express reference to the § 3553(a) factors, although preferable, is not strictly required when the record plainly demonstrates that the court considered them. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). "[W]hen a judge decides simply to apply the guidelines to a particular case, doing so will not necessarily require lengthy explanation," especially where the sentencing judge has listened to significant argument by the parties and has read and adopted the factual details from the PSI. *Rita v. United States*, 551 U.S. 338, 356, 359 (2007); *Dorman*, 488 F.3d at 944.

The government contends that, because Gonzalez-Soria failed specifically to object to procedural reasonableness at sentencing, we should review only for

_____

court adopted, reflects his request for a downward variance and his low-end sentence request was accompanied by a caveat—namely, that he would "at the very least" seek the low-end of the advisory guidelines range.

plain error. Although several other circuits have done so, we have not yet decided in a published opinion whether a challenge to the procedural reasonableness of a sentence is reviewed only for plain error when the defendant did not object on that basis before the district court. *See, e.g.*, *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011); *United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010); *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). But it is unnecessary to do so now. We perceive no error, plain or otherwise.

Although the district court did not expressly reference § 3553(a), the record shows that the court both adequately considered those factors and expressed the reasons for Gonzalez-Soria's sentence. At the outset of the sentencing hearing, the court restated the guidelines calculations, the statutory penalty, and the availability of sentencing options for Gonzalez-Soria's offense. The court demonstrated thorough familiarity with the PSI and engaged with counsel's arguments about the details of Gonzalez-Soria's prior convictions. Additionally, the court referenced Gonzalez-Soria's son. Ultimately, however, the court was persuaded by Gonzalez-Soria's "unbelievable" recidivism that a within-guidelines sentence was appropriate. In short, we can readily infer that, through its consideration of the parties' arguments, the PSI, and the guidelines range, the court accounted for the § 3353(a) factors in fashioning Gonzalez-Soria's sentence.

Thus, the district court committed no procedural error.

Gonzalez-Soria's substantive reasonableness arguments, likewise, do not require us to vacate his sentence. Although a within-guidelines sentence is not presumptively reasonable, we expect it to be. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment . . . ." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2009) (*en banc*) (quotation omitted). Additionally, "[w]e review sentencing arguments raised for the first time on appeal [only] for plain error." *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).

Gonzalez-Soria argues that, because illegal re-entry is non-violent and none of his multiple prior offenses resulted in intentional harm to any person, his sentence was unreasonably long. He contends that each of the § 3353(a) factors weighs in favor of a below-guidelines sentence. But we will "not reweigh relevant factors nor . . . remand for re-sentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). The district court made plain that it felt the necessity of deterring a repeat offender outweighed Gonzalez-Soria's arguments in favor of

7

a shorter sentence. That judgment was not clearly erroneous.

As outlined above, Gonzalez-Soria told the district court he had "no guideline issues." But, for the first time on appeal, he now argues that U.S.S.G. § 2L21.2(b)(1)(B) is not based upon the Sentencing Commission's institutional expertise because it is not based upon empirical evidence or national experience.[3] We have held, however, that the absence of empirical evidence does not independently undercut the validity of any guideline. *United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010). More importantly, there can be no plain error when, as here, neither this court nor the Supreme Court has addressed an issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). In the absence of any precedent supporting Gonzalez-Soria's argument, the district court did not plainly err in applying U.S.S.G. § 2L1.2(b)(1)(B), and Gonzalez-Soria's sentence is not substantively unreasonable upon that basis.

Accordingly, we **AFFIRM** the judgment of the district court.

---

[3] Gonzalez-Soria's generalized objection "to the length of the sentence" at the close of sentencing was inadequate to preserve his specific challenge to the foundations of the § 2L1.2(b)(1)(B) enhancement. *See United States v. Eckhardt,* 466 F.3d 938, 948 (11th Cir. 2006) (reviewing only for plain error where defendant did not specifically object to enhancement). This is especially so because he asserted that he had "no guideline problems" with the PSI.

8